UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUN PHARMACEUTICAL INDUSTRIES, LTD.,

    Plaintiff,

vs.

Case No. 07-CV-15087
HON. GEORGE CARAM STEEH

ELI LILLY AND COMPANY,

    Defendant.

_____/

<u>ORDER DENYING DEFENDANT ELI LILLY'S MOTION TO TRANSFER VENUE (# 8)</u>

Defendant Eli Lilly & Company moves pursuant to 28 U.S.C. § 1404(a) to transfer venue to the Southern District of Indiana. A hearing on the motion was held on March 13, 2008 at the University of Michigan in Ann Arbor, Michigan. For the reasons set forth below, Eli Lilly's motion to transfer venue will be DENIED.

**I. Background**

Plaintiff Sun Pharmaceutical filed its complaint on November 29, 2007 alleging it has submitted an Abbreviated New Drug Application to the U.S. Food and Drug Administration (FDA) to market a generic version of Eli Lilly's cancer medication gemcitabine, or GEMZAR®. Eli Lilly holds U.S. Patent 5,464,826 ('826 Patent), which is listed in the FDA's "Orange Book" of "Approved Drug Products with Therapeutic Equivalence Evaluations." Sun Pharmaceutical seeks to market its generic version of the patented drug before Eli Lilly's '826 Patent expires. The Hatch-Waxman Amendments to the Federal Food, Drug, and Cosmetic Act (the FDC Act), 21 U.S.C. § 355(j), required Sun Pharmaceutical to: (1) certify to the FDA that its generic drug will not infringe the '826 Patent, known as a

Paragraph IV Certification; and (2) notify Eli Lilly of this certification.

Following receipt of notice, Eli Lilly filed suit against Sun Pharmaceutical in the Southern District of Indiana alleging infringement of the '826 Patent, Eli Lilly and Co. v. Sun Pharmaceutical Ind., 06-CV-1721 (S.D. Ind. 2006). Eli Lilly voluntarily dismissed the lawsuit without prejudice on September 4, 2007 after Sun Pharmaceutical filed a motion to dismiss for lack of personal jurisdiction. Sun Pharmaceutical filed this lawsuit on November 29, 2007 seeking declaratory relief that Eli Lilly's '826 Patent is invalid, and that the generic drug does not infringe the '826 Patent. Sun Pharmaceutical is an Indian corporation with its principal place of business in Mumbai, India, and plans to use Caraco Pharmaceutical Laboratories, its wholly owned Michigan subsidiary located in Detroit, Michigan, to exclusively market, sell, and distribute its generic drug throughout the United States. Eli Lilly filed counterclaims on January 7, 2008 alleging infringement of the '826 Patent as well as U.S. Patent 4,808,614 ('614 Patent). According to Sun Pharmaceutical, the filing of the Indiana lawsuit triggered a statutory 30-month stay during which the FDA cannot approve Sun Pharmaceutical's generic drug application unless a federal court determines the generic drug does not infringe Eli Lilly's Patents, prompting this lawsuit.

Eli Lilly filed two earlier FDC Act related lawsuits involving the '826 Patent and '614 Patent in the Southern District of Indiana, Eli Lilly & Co. v. Sicor Pharmaceutical, Inc., 06-CV-0238 (S.D. Ind. 2006), and Eli Lilly & Co. v. Mayne Pharma (USA), Inc., 06-CV-1558 (S.D. Ind. 2006). The Mayne lawsuit was stayed and administratively closed on December 5, 2007 on the parties' agreement to be bound by the decision rendered in the Sicor lawsuit.

## II. Venue Transfer Under § 1404(a)

Eli Lilly moves to transfer venue of this lawsuit to the Southern District of Indiana

pursuant to 28 U.S.C. § 1404(a), which provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

Succinctly stated:

> "District courts have wide discretion to transfer an action under 28 U.S.C. § 1404(a) in order to prevent waste of time, energy and money, and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." Helder v. Hitachi Power Tools, USA Ltd., 764 F.Supp. 93, 95-96 (E.D.Mich.1991). However, a court "should give deference to a plaintiff's choice of venue." General Motors Corp. v. Ignacio Lopez de Arriortua, 948 F.Supp. 656, 668 (E.D.Mich.1996). "When a defendant moves to change the forum, he must overcome the presumption that the plaintiff has chosen the proper forum." Id.
>
> The first question for a court when considering a motion under § 1404(a) is whether "the transferred action could have been brought in the transferee court." MCNIC Oil & Gas Co. v. IBEX Resources Co., L.L.C., 23 F.Supp.2d 729 (E.D.Mich.1998) (quoting In re Air Crash Disaster at Detroit Metropolitan Airport on August 16, 1987, 737 F.Supp. 391, 393 (E.D.Mich.1989)). If answered in the affirmative, then a court should consider the following factors when ruling on a motion under § 1404(a):
>
> > (1) the convenience of the parties; (2) the convenience of the witnesses; (3) the relative ease of access to sources of proof; (4) the availability of process to compel attendance of unwilling witnesses; (5) the cost of obtaining willing witnesses; (6) the practical problems associated with trying the case most expeditiously and inexpensively; and (7) the interest of justice.
>
> Helder, 764 F.Supp. at 96.

Grand Kensington, L.L.C. v. Burger King Corp., 81 F.Supp.2d 834, 836 (E.D. Mich. 2000)

> The moving party bears the burden of demonstrating that, in light of these factors, "fairness and practicality strongly favor the forum to which transfer is sought." Rowe v. Chrysler Corp., 520 F.Supp. 15, 16 (E.D.Mich.1981). The movant must make this showing by a preponderance of the evidence. International Union, U.A.W. v. Aluminum Co. of Am., 875 F.Supp. 430, 433 (N.D.Ohio 1995).

Thomas v. Home Depot, U.S.A., Inc., 131 F. Supp.2d 934, 936 (E.D. Mich. 2001).

## A. Proper Venue

Venue in declaratory judgment actions for patent infringement is generally governed by § 1391(b). Database America, Inc. v. Bellsouth Advertising & Publishing, 825 F.Supp. 1216 (D.N.J. 1993). 28 U.S.C. § 1391(b)(1) provides:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State[.]

For purposes of venue under § 1391(b)(1), "a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c). Eli Lilly is an Indiana corporation with its principal place of business located in Indianapolis, Indiana, within the Southern District of Indiana. This action could have been brought in the Southern District of Indiana where Eli Lilly is subject to personal jurisdiction and is deemed to reside, making venue proper in the Southern District of Indiana under § 1391(b)(1).

The court notes Eli Lilly does not move for a transfer of venue under 28 U.S.C. § 1406(a) for improper venue. Eli Lilly does not dispute that it conducts business within the Eastern District of Michigan, subjecting Eli Lilly to personal jurisdiction in Michigan. See M.C.L. § 600.711(3) (authorizing the exercise of general personal jurisdiction over a corporation carrying on a continuous and systematic part of its general business within Michigan); M.C.L. § 600.715 (1) (authorizing the exercise of limited personal jurisdiction over a corporation transacting any business within Michigan). Venue is proper within the Eastern District of Michigan by operation of §§ 1391(b)(1) and (c).

### B. Transfer of Venue

#### i. Deference to Sun Pharmaceutical's Choice of Forum

Eli Lilly begins by arguing that Sun Pharmaceutical's choice of forum is not entitled

to substantial deference because, as a foreign corporation situated in India, Sun Pharmaceutical does not reside in any federal judicial district, citing Ahlstrom v. Clarent Corp., No. 02-780RHKSRN, 2002 WL 31856386, at *4 (D. Minn. Dec. 19, 2002).

In Ahlstrom, more than half of the thirty-nine plaintiffs did not reside in the chosen forum of Minnesota. Id. at *4. The Ahlstrom court observed that the Minnesota-resident plaintiffs had initially filed suit against the California defendants in California, and filed the second Minnesota lawsuit, Ahlstrom, only after a motion to name certain plaintiffs the "lead plaintiff" in the California forum was denied as untimely. Id. at *5. The Ahlstrom court found that the material acts of alleged securities fraud occurred in California, not Minnesota. Id. Under these specific circumstances the Ahlstrom court concluded the Minnesota-resident's "second choice" of forum in Minnesota was not entitled to deferential treatment. Id.

Ahlstrom is clearly distinguishable. The Eastern District of Michigan is Sun Pharmaceutical's first and only choice of forum. Compare Ahlstrom, 2002 WL 31856386, at *5. It was Eli Lilly who first filed suit in the Southern District of Indiana, only later agreeing to dismiss the lawsuit without prejudice.

Moreover, the rule recognized in Ahlstrom was that a plaintiff's choice of forum will not be given deference if "the plaintiff does not reside in the selected forum *or* where the underlying transaction or facts did not occur in the chosen forum." Ahlstrom, 2002 WL 31856386, at *4 (emphasis added). The Ahlstrom court determined that the underlying acts of securities fraud occurred in California, not the Minnesota venue chosen by the plaintiffs. Id. at *5. Here, Sun Pharmaceutical seeks declaratory relief that its generic drug does not infringe Eli Lilly's '826 Patent prior to selling and offering the drug for sale throughout the entire United States, including Michigan, using its Michigan subsidiary

5

Caraco Pharmaceutical Laboratories as the exclusive distributor. A patent infringer is subject to suit in any state where an infringing sale is made, North American Phillips Corp. v. American Vending Sales, Inc., 35 F.3d 1576, 1579-80 (Fed.Cir. 1994), and any state where an offer of an infringing sale is made. 3D Systems, Inc. v. Aarotech Laboratories, Inc., 160 F.3d 1373, 1380 (Fed.Cir. 1998). Given the context of Sun Pharmaceutical's claim for declaratory relief relative to the FDC Act, the court is convinced that the underlying circumstances are sufficient to deferentially recognize Sun Pharmaceutical's chosen forum[1]. Ahlstrom, 2002 WL 31856386, at *4

> The rationale for giving a plaintiff's choice of forum "substantial weight" - as opposed to equal or little weight - is that, unlike defendant forum shopping, plaintiff forum shopping is not an evil to be avoided, but rather is an inherent part of our federal court network. A plaintiff may have available numerous places of equal convenience to bring his or her suit, and has every right to file in the forum that is most geographically convenient or that has most favorable law. The fact that the plaintiffs have some flexibility to shop for law or location encourages them to use the judicial system for their disputes. Having chosen a forum, a plaintiff would lose any advantage if the defendant were able - by scarcely overcoming the plaintiff's choice - to pull the well-placed procedural rug from under the plaintiff's feet.

United States v. Cinemark USA, Inc., 66 F.Supp.2d 881, 889 (N.D. Ohio 1999).

It is undisputed that venue is appropriate in the Eastern District of Michigan. 28 U.S.C. § 1391(b)(1). Under the circumstances of this case in which Sun Pharmaceutical seeks a declaration that its generic drug does not infringe Eli Lilly's '826 Patent before selling and offering the drug for sale in the United States using its Michigan subsidiary Caraco Pharmaceutical Laboratories as the exclusive distributor, Sun Pharmaceutical's choice of forum based on the location of the exclusive distributor is entitled to substantial

---

[1] The parties agreed at the hearing that the venue provision found within the FDC Act, 21 U.S.C. § 355(j)(5)(C)(i)(II), requiring an action to be brought "in the judicial district where the defendant has its principal place of business or a regular and established place of business," is inapplicable.

6

weight. Eli Lilly must demonstrate that fairness and practicality strongly favor transferring this action to the Southern District of Indiana. <u>Grand Kensington</u>, 81 F.Supp.2d at 836; <u>Thomas</u>, 131 F. Supp.2d at 936.

### ii. Factor Analysis

The convenience of the parties' and their witnesses does not strongly favor transferring this lawsuit to the Southern District of Michigan. Sun Pharmaceutical and its witnesses are based in India, and would not gain in convenience by traveling an additional 280 air-miles to Indianapolis. Eli Lilly and their witnesses will not be particularly inconvenienced in traveling this relatively short distance to attend court proceedings or trial. <u>See</u> <u>Amphion, Inc. v. Buckeye Electric Co.</u>, 285 F.Supp.2d 943, 947 (E.D. Mich. 2003). As argued at the March 13, 2008 hearing by Sun Pharmaceutical's Counsel, witness depositions will most likely be taken at Counsels' respective offices: Counsel for Sun Pharmaceutical are located in Troy, Michigan, Los Angeles, California, Chicago, Illinois, and New York, New York, while Counsel for Eli Lilly are located in Grand Rapids, Michigan, Reston, Virginia, Washington, D.C., and Palo Alto, California. Depositions may also be arranged to be taken elsewhere, including Indianapolis, Indiana, without transferring this matter to the Southern District of Indiana. While many of the Eli Lilly's documents and sources of proof may be located in Indianapolis, Indiana, Eli Lilly has not shown that transferring venue to the Southern District of Indiana will make it more convenient for Sun Pharmaceutical to access such proofs. <u>See</u> <u>Audi AG v. D'Amato</u>, 341 F.Supp.2d 734, 751 (E.D. Mich. 2004) (recognizing that "the location of documentary evidence is a minor consideration"). There has been no showing that any Eli Lilly witness is unwilling to attend court proceedings or depositions, and as a consequence, there has been no showing that the Southern District of Indiana will provide a more efficient forum for compelling the

7

attendance of witnesses. At best, these factors indicate only that the Southern District of Indiana would be slightly more convenient for Eli Lilly due to the location of its corporate offices and four of its witnesses, not that Michigan is an inconvenient forum. See Samsung Electronics, Inc. Co., Ltd. v. Rambus, Inc., 386 F.Supp.2d 708, 718 n.15 (E.D. Va. 2005).

Eli Lilly's argument that the interests of justice and judicial economy would be served by transferring this case to the Southern District of Indiana for consolidation with the Sicor lawsuit presumes that the cases are proper candidates for consolidation. The Indiana District Court presiding over Sicor did not consolidate the Mayne lawsuit; Mayne was stayed and administratively closed by agreement of the parties. Sun Pharmaceutical and Eli Lilly may reach the same agreement here without transferring the matter to the Southern District of Indiana. Unlike the circumstances underlying the authority relied upon by Eli Lilly, Sun Pharmaceutical is not named as a party in the Sicor lawsuit filed by Eli Lilly, nor is Sun Pharmaceutical argued to have any connection whatsoever with any party in the Sicor action. Compare Imagepoint v. Keyser Industries, Inc., No. 04-CV-119, 2005 WL 1242067, at *1-*2 (E.D. Tenn. May 25, 2005); Data Treasury Corporation v. First Data Corp., 243 F.Supp.2d 591, 592 (N.D. Tex. 2003); Sanyo Electric Trading Co., Ltd. v. Masco Corporation, 429 F. Supp. 1023, 1023-1024 (Del. 1977); In re Denso Corp., Misc. No. 863, 2008 WL 350937 (Fed. Cir. Jan. 22, 2008). Nor did Sun Pharmaceutical formerly file an action in the Southern District of Indiana. Compare Tuna Processors, Inc. v. Hawaii International Seafood, Inc., 408 F.Supp.2d 358, 360 (E.D. Mich 2005).

Considering the importance of uniform claim construction in patent cases, the court is aware that a transfer of venue to a forum where a prior lawsuit is pending may be appropriate if the two lawsuits involve the same facts, transactions, or occurrences. Data Treasury, 243 F.Supp.2d at 595. Even where the parties and accused devices differ,

transfer may be appropriate in patent cases if, for example, a majority of the same claims are at issue in both lawsuits, the alleged infringers in the two lawsuits assert the same defenses, and the alleged infringers rely on the same prior art to support invalidity defenses. Id. at 596. Here, however, Eli Lilly has shown only that this lawsuit and the Sicor lawsuit involve the same '826 Patent and '614 Patent. Without more, the court is not persuaded that the Southern District of Indiana District Judge would find upon transfer that the two cases should be consolidated. See Bandit Indus., Inc. v. Woodsman, Inc., No. 07-11401, 2007 WL 2773567, at *3 (E.D. Mich. Sept. 21, 2007). See also Sony Electronics, Inc. v. Orion IP, LLC, No. C.A. 05-255, 2006 WL 680657, at *2 (D. Del. Mar. 16, 2006) (denying motion to transfer venue to first-filed patent infringement action where the accused products were not the same and collateral issues specific to any one of the unrelated parties might create inefficiencies, and concluding that the defendant "should not be able to 'bootstrap itself into staying there' when subsequent litigation arises involving a different set of parties"); Lexington Lasercomb I.P.A.G. v. GMR Products, Inc., 442 F.Supp.2d 1277, 1279 (S.D. Fla. 2006) (denying motion to transfer venue "[g]iven the potential confusion over the different infringing devices at issue in the cases which Defendant seeks to consolidate and the potential prejudice that may result"); Aerotel, Ltd. v. Verizon Communications, Inc., 234 F.R.D. 64, 67 (S.D.N.Y. 2005) (denying motion to transfer venue because of "substantial non-overlapping issues that would lead to increased discovery costs and be confusing to the jury"). Because Eli Lilly has failed to convince the court that consolidation with the Sicor lawsuit is reasonably likely if venue is transferred, the interests of justice and judicial economy would not be served by transferring this lawsuit to the Southern District of Indiana. Bandit Indus., 2007 WL 2773567 at *3.

### iii. Conclusion

Eli Lilly has not met its burden of demonstrating that fairness and practicality strongly favor transferring this action to the Southern District of Indiana. <u>Grand Kensington</u>, 81 F.Supp.2d at 836; <u>Thomas</u>, 131 F. Supp.2d at 936. Accordingly,

Eli Lilly's motion to transfer venue is hereby DENIED.

SO ORDERED.

Dated: April 30, 2008

<u>s/George Caram Steeh</u>
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on April 30, 2008, by electronic and/or ordinary mail.

<u>s/Josephine Chaffee</u>
Deputy Clerk