UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUN PHARMACEUTICAL INDUSTRIES, LTD.,

    Plaintiff,

vs.

Case No. 07-CV-15087
HON. GEORGE CARAM STEEH

ELI LILLY AND COMPANY,

    Defendant.

_____/

## ORDER DENYING DEFENDANT ELI LILLY'S MOTION FOR RECONSIDERATION (#22)

Defendant Eli Lilly & Company moves for reconsideration of this court's May 13, 2008 Order denying Eli Lilly's motion to transfer venue to the United States District Court for the Southern District of Indiana. Eli Lilly filed a supplemental memorandum in support of the motion on May 27, 2008.

Eli Lilly argues the court erred in concluding that Eli Lilly had not shown it was reasonably likely that this lawsuit would be consolidated with Eli Lilly & Co. v. Sicor Pharmaceutical, Inc., 06-CV-0238 (S.D. Ind. 2006) if transferred to the Southern District of Indiana. Eli Lilly offers to stipulate to return this lawsuit to the Eastern District of Michigan if it is not consolidated with the Sicor lawsuit following transfer to the Southern District of Indiana. Eli Lilly continues that the shared issues of patent validity with respect to the two patents at issue[1] are identical, as evidenced by Sicor's January 3, 2006 Notice Letter, and Sun Pharmaceutical's October 17, 2006 Notice Letter. Eli Lilly also relies on statements

---

[1] U.S. Patent 5,464,826 and U.S. Patent 4,808,614.

made by Sun Pharmaceuticals in a May 23, 2008 Joint Conference Report and Proposed Case Management Plan that "the validity of the Asserted Patents is the only issue to be resolved in this action," and that "there is little reason to believe that Lilly's experts' reports will greatly differ as between the two actions."  Eli Lilly argues the court also erred by relying on patent *infringement* cases for the proposition that jury confusion and differing devices warrant separate lawsuits, particularly when considering that cases under the Federal Food, Drug, and Cosmetic Act (the FDC Act), 21 U.S.C. § 355(j) are not subject to jury trials.  Eli Lilly reiterates its argument under In re Denso Corp., Misc. No. 863, 2008 WL 350937 (Fed. Cir. Jan. 22, 2008) that potential inefficiencies and inconsistencies may be avoided if this lawsuit is decided in the same district as the Sicor lawsuit.  Eli Lilly further contends that the court gave improper deference to Sun Pharmaceutical's choice of forum based on its subsidiary Caraco Pharmaceutical Laboratories' location in Michigan and *potential* sale and marketing of infringing products. Eli Lilly asserts that if the potential sale or marketing of infringing products were sufficient to establish venue, as the court ruled, Caraco would have been subject to personal jurisdiction in Indiana, contrary to Eli Lilly's September 4, 2007 stipulated dismissal of Eli Lilly and Co. v. Sun Pharmaceutical Ind., 06-CV-1721 (S.D. Ind. 2006).  Eli Lilly conveys that the court gave insufficient deference to the inconvenience of retired Eli Lilly employees who will now have to attend two depositions and two trials.

      Generally, and without restricting the court's discretion, the court will not grant a motion for reconsideration that merely presents the same issues ruled upon by the court, either expressly or by reasonable implication.  The movant must not only demonstrate a palpable defect by which the court and the parties have been mislead, but also show that correcting the defect will result in a different disposition of the case.  E.D. Mich. LR

7.1(g)(3).

At the outset, Eli Lilly understandably did not move to transfer venue under 28 U.S.C. § 1406(a) for venue improperly laid in the Eastern District of Michigan. Venue in declaratory judgment actions alleging noninfringement of a patent is governed by 28 U.S.C. § 1391(b), which includes any judicial district in which the defendant is subject to personal jurisdiction at the time the action is commenced. Database America, Inc. v. Bellsouth Advertising & Publishing, 825 F.Supp. 1216 (D.N.J. 1993); 28 U.S.C. § 1391(b)(1). Eli Lilly did not dispute, and does not dispute on reconsideration, that it is subject to personal jurisdiction in the Eastern District of Michigan because it conducts business within this district.

With venue appropriate in the Eastern District of Michigan, Eli Lilly properly moved to transfer venue under 28 U.S.C. § 1406(b) "for the convenience of the parties and witnesses, and in the interests of justice." Consequently, it was incumbent upon Eli Lilly to demonstrate by a preponderance of the evidence that fairness and practicality strongly favor a transfer of venue to the Southern District of Indiana. Thomas v. Home Depot, U.S.A., Inc., 131 F. Supp.2d 934, 936 (E.D. Mich. 2001); Grand Kensington, L.L.C. v. Burger King Corp., 81 F.Supp.2d 834, 836 (E.D. Mich. 2000). The court did not err in exercising its discretion in concluding that Eli Lilly did not meet that burden.

The court did not err in reasoning that Caraco's *potential* sale and marketing of infringing products in Michigan warranted giving deference to Sun Pharmaceuticals' choice of forum as a place where the underlying transaction occurred. As reasoned by the court, patent infringers are subject to suit in any state where an infringing sale is made, or any state where an offer of an infringing sale is made. 3D Systems, Inc. v. Aarotech Laboratories, Inc., 160 F.3d 1373, 1380 (Fed.Cir. 1998); North American Phillips Corp. v.

3

American Vending Sales, Inc., 35 F.3d 1576, 1579-80 (Fed.Cir. 1994). Prior to an actual sale or marketing, "a party who wants . . . to embark on a marketing campaign, but has been threatened with suit over trademark infringement, can go to court under the Declaratory Judgment Act and seek a judgment that it is not infringing that trademark, thereby allowing it to proceed without the fear of incurring further loss." AmSouth Bank v. Dale, 386 F.3d 763, 786 (6th Cir. 2004). It is beyond dispute that Sun Pharmaceuticals filed this declaratory action in anticipation of selling and marketing its generic drug in Michigan, and throughout the United States, though its Michigan subsidiary Caraco, under threat of a patent infringement suit by Eli Lilly. Eli Lilly's distinction between potential sales and marketing and actual sales and marketing is without consequence. AmSouth Bank, 386 F.3d at 786. The court is not bound by Eli Lilly's stipulation that Indiana lacks personal jurisdiction over Sun Pharmaceuticals, which is fortunate for Eli Lilly in that lack of personal jurisdiction in the transferee venue bars a transfer of venue under the initial § 1406(b) requirement that the transferred action could have been brought in the transferee court. See United States v. Edward Rose & Sons, 246 F.Supp.2d 744, 755-56 (E.D. Mich. 2003) (relying upon Hoffman v. Blaski, 363 U.S. 335, 344 (1960) in ruling that action could not have been brought in transferee forum absent parties' consent to personal jurisdiction). Sun Pharmaceuticals has not indicated that it now concedes to personal jurisdiction in the Southern District of Indiana. Having given appropriate deference to Eli Lilly's choice of forum, Eli Lilly's argument that the convenience of Eli Lilly employees was "sacrificed on the alter of the interests of Caraco" is, at best, unpersuasive.

The remainder of Eli Lilly's argument merely presents the same issues ruled upon in concluding that Eli Lilly failed to demonstrate by a preponderance of the evidence that it is reasonably likely that this lawsuit would be consolidated with the Sicor lawsuit if it were

transferred to the Southern District of Indiana. Without a reasonable likelihood that the matters would be consolidated, Eli Lilly's offer to stipulate to transfer the lawsuit back to Michigan if consolidation is denied does not advance the interests of judicial economy. The court remains unpersuaded that the Notice Letters sent to Eli Lilly by the unrelated parties Sicor and Sun Pharmaceuticals evidence that the two lawsuits pose "identical" issues. Eli Lilly's opposition to the statement made by Sun Pharmaceuticals in the May 23, 2008 Joint Conference Report and Proposed Case Management Plan that "there is little reason to believe that Lilly's experts' reports will greatly differ as between the two actions" undercuts Eli Lilly's argument of "identical" lawsuits. The fact that Sun Pharmaceuticals has agreed that "the validity of the Asserted Patents is the only issue to be resolved in this action" does not establish that Sun Pharmaceuticals and Sicor will pursue the same validity challenges. Eli Lilly misconstrues the court's reasoning regarding "potential confusion" over the differing products of Sun Pharmaceuticals and Sicor in arguing the court improperly relied on "juror" confusion. See May 13, 2008 Order, at 9. Confusion of factual issues as between different lawsuits is relevant to the issue of consolidation regardless of the status of the fact-finder. The court has previously considered and distinguished In re Denso Corp., Misc. No. 863, 2008 WL 350937 (Fed. Cir. Jan. 22, 2008). See May 13, 2008 Order, at 9. The court was also fully aware that Eli Lilly & Co. v. Mayne Pharma (USA), Inc., 06-CV-1558 (S.D. Ind. 2006) "was stayed and administratively closed on December 5, 2007 on the parties' agreement to be bound by the decision rendered in the Sicor lawsuit," May 13, 2008 Order, at 2, with the court referring to Mayne in the context that, prior to its closing, Mayne was not consolidated with Sicor. The parties are free to agree to be bound by the decision rendered in Sicor without the additional inconvenience of ordering a transfer of venue to the Southern District of Indiana.

Ultimately, Eli Lilly has failed to demonstrate the court erred in denying Eli Lilly's motion to transfer venue under 28 U.S.C. § 1406(b).  Accordingly, Eli Lilly's motion for reconsideration is hereby DENIED.

SO ORDERED.


Dated:  June 16, 2008

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
June 16, 2008, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk