UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUN PHARMACEUTICALS INDUSTRIES LTD.,

    Plaintiff,

vs.

Case No. 07-CV-15087
HON. GEORGE CARAM STEEH

ELI LILLY AND COMPANY,

    Defendant.

_____/

### ORDER GRANTING DEFENDANT'S MOTION FOR AN AMENDED BRIEFING SCHEDULE (# 71)

Defendant Eli Lilly and Company moves to amend the briefing schedule as to plaintiff Sun Pharmaceuticals Industries Ltd.'s August 15, 2009 motion for summary judgment of its claim that certain claims in Lilly's U.S. Patent No. 4,808,614 ("'614 Patent") and U.S. Patent No. 5,464,826 ("'826 Patent") are invalid for obviousness under 35 U.S.C. § 103. Oral argument would not significantly aid the decisional process. Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the motion be resolved without oral argument.

Sun Pharmaceuticals filed its most recent motion for summary judgment on August 15, 2009, one day after the dispositive motion cut-off date of August 14, 2009. See May 29, 2008 Scheduling Order. Lilly's response to the motion is currently due on September 8, 2009. See E.D. Mich. LR 7.1(d)(1)(B); Fed. R. Civ. P. 6(a), (d). Lilly filed the instant motion to amend this briefing schedule on August 20, 2009, before the time for filing its response had expired. Accordingly, this court is authorized to extend the time for filing the response brief on "good cause" shown. Fed. R. Civ. P. 6(b)(1)(a).

Lilly seeks to extend the response time to October 9, 2009 to accommodate Lilly's trial commitments in Eli Lilly & Co. v. Sicor Pharmaceutical, Inc., 06-CV-0238 (S.D. Ind.

2006) pending in the Federal District Court for the Southern District of Indiana. The Sicor litigation involves the same '614 Patent and '826 Patent. Trial is scheduled in Sicor for September 8 through 18, 2009. If the court grants the October 9, 2009 extension, Sun Pharmaceutical's reply would be due on October 23, 2009, as is proposed by Lilly. See E.D. Mich. LR 7.1(d)(1)(C); Fed. R. Civ. P. 6(a), (d). The final pretrial order is scheduled to be filed by November 16, 2009. If Sun Pharmaceuticals' motion for summary judgment remains pending as of November 2, 2009, that date for filing the final pretrial order will be postponed by operation of Local Rule 16.1(f).

Sun Pharmaceuticals opposes the motion to extend the response date arguing Lilly refused Sun Pharmaceuticals' request to adjust the August 14, 2009 dispositive motion cut-off date to accommodate the Sicor trial, which required Sun Pharmaceuticals to hastily file its August 15, 2009 motion for summary judgment. Sun Pharmaceuticals argues that Lilly's refusal to extend the dispositive motion cut-off date, coupled with the instant motion to now extend the response date, demonstrates Lilly's bad faith. Sun Pharmaceuticals asserts that Lilly has the professional resources to prepare for the Sicor trial under the existing schedule, noting that all pre-trial submissions in Sicor were already due by August 25, 2009. Sun Pharmaceuticals argues that, if Lilly's motion is granted, it will be difficult for this court to adjudicate the motion for summary judgment before a verdict is rendered in the September 2009 Sicor trial.

The court's May 29, 2008 Scheduling Order setting a August 14, 2009 dispositive motion cut-off date took into consideration the scheduling of the Sicor lawsuit. According to Lilly, trial was rescheduled in Sicor from mid-July 2009 to September 8-18, 2009. Under this court's current schedule, Sun Pharmaceutical's motion for summary judgment would not be fully briefed until September 22, 2009. Given the complexity of the legal and factual issues presented in the motion, and the apparent need for oral argument on the motion,

2

it is unlikely that the court could adjudicate Sun Pharmaceutical's motion for summary judgment before a verdict is rendered in <u>Sicor</u> even under the current briefing schedule.

Although it is disappointing that the parties could not work out an acceptable stipulated extension of the current Scheduling Order and its August 14, 2009 dispositive motion cut-off date, Sun Pharmaceuticals has not shown that Lilly's actions prevented Sun Pharmaceuticals itself from moving for an extension of time to file their motion for summary judgment. The court is not persuaded that Lilly acted in bad faith. Given Sun Pharmaceuticals' opportunity to file a reply brief and advance oral argument on its motion for summary judgment, the court is not convinced that Sun Pharmaceuticals will be unfairly prejudiced if the court grants the requested extension. Sun Pharmaceuticals has not advanced a persuasive argument that its claims will be prejudiced if the <u>Sicor</u> litigation concludes before this court rules on the motion for summary judgment.

The court finds good cause exists for granting Lilly's motion for an extension of time to file a response notwithstanding the professional resources apparently available to Lilly. Accordingly,

Eli Lilly's motion to amend the briefing schedule as to plaintiff Sun Pharmaceuticals' August 15, 2009 motion for summary judgment is hereby GRANTED. Eli Lilly's response shall be filed on or before October 9, 2009. Sun Pharmaceuticals may file a reply brief on or before October 23, 2009.

SO ORDERED.

Dated: August 26, 2009

                                                s/George Caram Steeh
                                                GEORGE CARAM STEEH
                                                UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 26, 2009, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk