UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUN PHARMACEUTICALS INDUSTRIES LTD.,

    Plaintiff,

vs.

Case No. 07-CV-15087
HON. GEORGE CARAM STEEH

ELI LILLY AND COMPANY,

    Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR ENTRY OF A FINAL JUDGMENT ON FEWER THAN ALL CLAIMS UNDER RULE 54(b) (# 73)

Defendant Eli Lilly and Company moves for entry of judgment under Federal Rule of Civil Procedure 54(b) as to this court's August 17, 2009 Order granting summary judgment in favor of plaintiff Sun Pharmaceuticals Industries Ltd. on determining that Eli Lilly's U.S. Patent 5,464,826 ("'826 Patent") is invalid under the doctrine of obvious-type double patenting because Claim 12 of Eli Lilly's earlier U.S. Patent 4,808,614 ("'614 Patent") covers the specific anti-cancer use of gemcitabine as also claimed in Claims 2, 6 and 7 of the '826 Patent. Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the motion be resolved without oral argument.

In this action, Sun Pharmaceuticals filed claims seeking declaratory relief that the '826 Patent is invalid, or that its generic anti-cancer drug does not infringe Eli Lilly's '826 Patent. Eli Lilly filed counterclaims of infringement of its '826 and '614 Patents. On granting summary judgment in favor of Sun Pharmaceuticals as to the '826 Patent's invalidity, only Eli Lilly's counterclaim of infringement of the '614 Patent remains before the court. Rule 54(b) authorizes a district court to "direct entry of a final judgment as to one or

more, but fewer than all [] claims . . . only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).  Eli Lilly seeks entry of a final judgment under Rule 54(b) to facilitate an immediate appeal of the August 17, 2009 Order adjudicating the invalidity of the '826 Patent while its counterclaim alleging infringement of the '614 Patent remains pending in this court.

Federal Circuit law applies to Rule 54(b) certification in patent cases.  State Contracting & Engineering Corp. v. Florida, 258 F.3d 1329, 1334 (Fed. Cir. 2001) (citing Woodward v. Sage Products, Inc., 818 F.2d 841, 844 (Fed. Cir. 1987) as recognizing "that in matters of our own jurisdiction, regional circuit law is not binding, and we are obligated to make an independent determination of our jurisdiction.").  Rule 54(b) only applies to a "final judgment", that is, "an ultimate disposition of an individual claim entered in the course of a multiple claims action."  W.L. Gore & Associates, Inc. v. International Medical Prosthetics Research Associates, Inc., 975 F.2d 858, 861 (Fed. Cir. 1992) (emphasis omitted) (quoting Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 436 (1956)).  The finality requirement "is a statutory mandate and not a matter of discretion."  Id. at 862.

> Once having found finality, the district court must go on to determine whether there is any just reason for delay.  Not all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims.  The function of the district court under [Rule 54(b)] is to act as a "dispatcher." [Sears, 351 U.S. at 436.]  It is left to the sound judicial discretion of the district court to determine the "appropriate time" when each final decision in a multiple claims action is ready for appeal.  Ibid.  This discretion is to be exercised "in the interest of sound judicial administration." Id. at 437[.]
>
> Thus, in deciding whether there are no just reasons for delay the appeal of individual final judgments . . . , a district court must take into account judicial administrative interests as well as the equities involved.  Consideration of the former is necessary to assure that application of the Rule "preserves the historical federal policy against piecemeal appeals." Id. at 438[.]  It [is] proper for [a] District Judge to consider such factors as whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [is] such that no appellate court would have to decide the same issues more

than once even if there were subsequent appeals.

Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 8 (1980).  "[T]he factual relatedness of separate claims for relief is [also] one of the factors a district court considers in deciding whether to exercise its discretion to certify an appeal."  W.L. Gore, 975 F.2d at 864.  "Rule 54(b) is not to be used as an accommodation to litigants."  Respironics, Inc. v. Invacare Corp., No. 04-0336, 2007 WL 1965241, *5 (W.D. Pa. July 3, 2007).

The court's August 17, 2009 Order granted summary judgment in favor of Sun Pharmaceuticals on its claim that Eli Lilly's '826 Patent is invalid due to obvious-type double patenting, and dismissed Eli Lilly's counterclaim of infringement of the '826 Patent.  The August 17, 2009 Order constituted the ultimate disposition of the parties' claims and counterclaims relating to Eli Lilly's '826 Patent, meeting the finality requirement of Rule 54(b).  W.L. Gore, 975 F.2d at 861.  See also Nystrom v. Trex Co., Inc., 339 F.3d 1347, 1350-51 (Fed. Cir. 2003) (recognizing that a district court may render an adjudication of non-infringement a "final judgment" for purposes of Rule 54(b) by dismissing counterclaims of invalidity without prejudice (with or without a finding that the counterclaim was moot).").

The court is persuaded that now would be an appropriate time for Eli Lilly to challenge this court's final disposition of the claims and counterclaim related to the '826 Patent.  These claims and counterclaims are separate from Eli Lilly's remaining counterclaim that Sun Pharmaceuticals is infringing the '614 Patent, and Sun Pharmaceuticals' defense that the '614 Patent is invalid for obviousness under 35 U.S.C. § 103.  Once the Federal Circuit court reviews whether the '826 Patent is invalid due to obvious-type double patenting, the Federal Circuit would not have to again decide the issue in a subsequent appeal.  Equity also favors dispatching the '826 Patent double-patenting issue for immediate appellate review on considering that the '614 Patent will expire in November 2010.  Sun Pharmaceuticals' argument that entry of final judgment as to the '826

Patent is inefficient because such will necessitate two appeals is not persuasive; entry of a "final judgment" under Rule 54(b), in any multiple claim case, raises the strong possibility of multiple appeals.  Trial with respect to the '614 Patent will not be delayed by entry of a Rule 54(b) final judgment as to the claims and counterclaims alleged relative to the '826 Patent.  Sun Pharmaceutical's argument that it will be "prejudiced" if required to prepare for trial as to the '614 Patent issues and an appeal as to the '826 Patent issues does not weigh against entry of a Rule 54(b) final judgment.  Respironics, Inc., 2007 WL 1965241 at *5.  The court is not persuaded that Sun Pharmaceuticals will be unfairly prejudiced is required to simultaneously prepare for a trial and an appeal.

Upon considering the interests of judicial administration and the involved equities of this matter, Eli Lilly's motion for entry of judgment under Rule 54(b) is hereby GRANTED. The court expressly finds there is no just reason for delay.  Accordingly, a final judgment will enter under Rule 54 (b) as to the court's August 17, 2009 Order adjudicating the claims and counterclaims involving the '826 Patent.

SO ORDERED.

Dated:  October 29, 2009

                                                     s/George Caram Steeh
                                                     GEORGE CARAM STEEH
                                                     UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
October 29, 2009, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk